**M. O. HOWELL, Appellant,**

v.

**Norma C. FINLEY et al., Appellees.**

**No. 8121.**

Court of Civil Appeals of Texas,
Texarkana.

Dec. 27, 1972.

Rehearing Denied Jan. 23, 1973.

Pat C. Beadle, Clarksville, for appellant.

B. A. Britt, Jr., Texarkana, for appellees.

DAVIS, Justice.

This suit was labeled as a trespass to try title suit. In truth and in fact, it is a boundary dispute. The case was tried before the Court, without the aid of a jury, resulting in a judgment for the Plaintiffs.

Appellant has perfected his appeal and brings forward forty-three points of error. The parties will be referred to as they were in the Trial Court.

On October 5, 1946, Leslie Meadows and wife, Ruby Meadows, conveyed to Owen Finley the following described tract of land situated in the T. L. Cowan HRS in Bowie County, Texas, and described as follows:

"Beginning at a stake, same being the N.E. corner of 48.22 acre tract of land conveyed to Leslie Meadows by Geneva Essary joined by her husband Andrew Essary, Laval A. Meadows, and Noel N. Meadows heirs of L. O. Meadows, deceased, which said deed is recorded in Vol. 218 page 105–106 of the deed records of Bowie County, Texas.

Thence South with the E.B. Line of said 48.22 acres 411.5 feet to a stake for corner. Thence West 210 feet to a stake for corner. Thence North 568 feet to a stake in the N.B. Line of aforesaid 48.22 acres of land, for corn. Thence in a Southeasterly direction with said N.B. Line of said 48.22 acre tract of land 210 feet to the place of beginning. Containing 2.38 acres of land, more or less."

The above deed was filed for record in the Deed Records of Bowie County, Texas, on February 6, 1961.

On June 13, 1949, Leslie Meadows and wife, Ruby Meadows, conveyed to M. O. Howell and wife, Gladys Howell, the following described tract of land situated in the T. L. Cowan HRS, situated in Bowie County, Texas, and described as follows:

"Beginning at a stake, the same being the N.W. corner of a tract of land sold to Owen Findley by Leslie Meadows and wife Ruby Meadows on October 5, 1946. Thence South with Owen Findleys W. B. Line 568 feet to a stake in the S. B. line of the original 48.22 acres. Thence West with said S.B. Line 210 feet to a stake for corner. Thence North 719 feet

to a stake in the N.B. Line of said 48.22 acres for corner. Thence in a southeasterly direction with said N.B. Line of said 48.22 acres, 210 feet to the place of beginning, containing Three acres and One-Tenth of an acre (3⅒)."

This deed was filed for record on June 14, 1949 in the Deed Records of Bowie County, Texas.

On December 21, 1970, Leslie Meadows and wife, Ruby Meadows, conveyed to Norma C. Finley all that certain tract or parcel of land situated in the T. L. Cowan HRS in Bowie County, Texas, and described as follows:

"BEGINNING at an iron pin for corner at existing fence corner on the SBL of above mentioned 48.22 acre tract, said POINT OF BEGINNING being West, 232 feet from the apparent SE corner of the 48 22 acre tract;

THENCE N 4° 36' 50" E, 546.36 feet to a point for corner on the South ROW line of F M Hwy. 1840;

THENCE S 45° 38' E, 7.0 feet with said ROW line to a point for corner;

THENCE S 5° 11' W, 541.92 feet to the PLACE OF BEGINNING and containing 0.0337 acre of land, more or less. Being a part of that certain tract conveyed to Owen Finley by Leslie Meadows by deed recorded in Vol. 393, Page 211, Deed Records of Bowie County, Texas."

This deed was filed for record on January 5, 1971, in the Deed Records of Bowie County, Texas.

A common source of title was stipulated between the parties from the State of Texas into Leslie Meadows and wife, Ruby Meadows. On October 5, 1946, Leslie Meadows, et ux, conveyed to Owen Finley a tract of land containing 2.38 acres of land, more or less. Norma C. Finley was the wife of Owen Finley. Owen Finley passed away prior to the time this suit was filed. Owen Finley did not leave a will and there was no administration necessary upon his estate. To Owen Finley and Norma C. Finley two children were born; Betty Finley Kallus and James Owen Finley. Both of these children are now of age. Plaintiffs, Norma C. Finley, Betty Kallus and James Owen Finley sued M. O. Howell, individually, apparently in trespass to try title for the 2.38 acres of land that they originally received by the deed dated October 5, 1946. On December 21, 1971, Plaintiffs filed their first amended original petition against the Defendant, in trespass to try title, for the 0.0337 acres of land, more or less. The judgment of the Trial Court granted the Plaintiffs a judgment for the 0.0337 acres of land, more or less, not the 2.38 acres of land, more or less.

Only four witnesses testified in the case: Norma C. Finley, Weldon Gibson, a registered Civil Engineer, Mrs. Agnes Clark and Defendant, M. O. Howell. Only the Civil Engineer made any attempt to describe the 0.0337 acres of land, more or less. That is the tract of land Plaintiffs were suing for in their first amended original petition. The Trial Court filed findings of fact concerning the 2.38 acres of land, more or less, but he did not file any findings of fact as to the 0.0337 acres of land, more or less. The Trial Court then found that the Defendant was barred by the 3, 5, 10 and 25-year statutes of limitation. The Trial Court further found that the west boundary line of the tract in question (0.0337) was established by acquiescence of the Meadows and Finleys, which was hearsay, and the Defendant and the Finleys, which is against the great and overwhelming weight and preponderance of the evidence. This tract of land containing 0.0337 acres, more or less, is what the Trial Court granted a judgment for the Plaintiffs.

 Defendant brings forward many points of error whereby he says that there is no competent evidence of probative val-

ue, the evidence is insufficient and is against the overwhelming weight and preponderance of the evidence, that it is manifestly wrong and unjust. We feel that we must discuss only the 0.0337 acres of land, more or less, as sued for in the Plaintiffs' first amended original petition. There is no evidence that the wedge-shaped tract of land has ever been enclosed by any fence whatever. The deed to this tract of land is dated December 21, 1970. Therefore, there cannot be any statute of limitation that would entitle the Plaintiffs to recover this small tract of land. Arts. 5507, 5508, 5509, 5510 and 5513, Vernon's Ann.Civ.St. and the authorities cited thereunder. There was some evidence offered that there was an agreement as to where the west boundary line of the 2.38 acres of land was situated between Leslie Meadows, et ux, and the Plaintiffs. Mrs. Finley so testified. This was objected to as being hearsay and an attempt to change the provisions of a written instrument. Defendant objected to this testimony and his objection should have been sustained. 23 Tex.Jur.2d 536 Sec. 362. Extrinsic evidence is admissible only as between the parties to the suit. There was some evidence as to where the west boundary line of the 2.38 acres tract of land was situated by Plaintiff but it was emphatically denied by the Defendant. Since this is a suit for trespass to try title to a small wedge-shaped described tract of land, it is our opinion that this testimony was inadmissible. There is much written in 9 Tex.Jur. 2d beginning at page 536 as to boundaries between adjoining landowners. This also goes to the testimony as to the agreement between Leslie Meadows, et ux, and the Plaintiffs as to where the west boundary line was situated.

Defendant also raises a point of error as to the parol evidence as to the agreements between Meadows, et ux, to Plaintiffs.

The points of error are sustained.

The judgment of the Trial Court is reversed and the cause is remanded.